ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| WASTE COLLECTION CORP<br><br>Demandante<br><br>v.<br><br>HON. ÁNGEL DAVID CONCEPCIÓN GONZÁLEZ Y OTROS<br><br>Recurrido<br><br>v.<br><br>OSCAR SANTAMARÍA TORRES<br><br>Peticionario | KLCE202400441 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2021CV02138<br><br>Sobre:<br><br>Daños y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece Oscar Santamaría Torres (peticionario o Santamaría Torres) y nos solicita la revocación de la *Resolución* del Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario), notificada el 30 de enero de 2024, mediante la cual, el foro primario denegó su moción de desestimación.[1] Al mismo tiempo, el peticionario recurre del dictamen del TPI, notificado el 26 de febrero de 2024, en donde dicho foro le anotó la rebeldía por este no acreditar oportunamente su alegación responsiva.[2] Por último, recurre de la orden, notificada el 19 de marzo de 2024, mediante la

---

[1] Apéndice, pág. 94. En cumplimiento con nuestro dictamen, emitido el 29 de febrero de 2024 en el recurso núm. KLCE202400252, el TPI emitió una *Resolución* el 20 de marzo de 2024 en la cual ordenó a la Secretaria del foro primario "notificar todas las órdenes de este caso al tercero demandado Oscar Santamaría." (Énfasis en el original.) Entrada núm. 91 del expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[2] Apéndice, pág. 110.

Número Identificador:

RES2024_____

cual el TPI nuevamente le anotó la rebeldía por sus reiterados incumplimientos con las órdenes del foro *a quo*.[3]

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

## I.

Waste Collection Corp. (demandante o WCC) incoó una *Demanda*[4] sobre incumplimiento de contrato, daños y perjuicios e interferencia torticera, en contra del Municipio de Cidra (Municipio), de su alcalde, el Hon. Ángel David Concepción, en su carácter personal, de las compañías X, Y, Z, y de las personas A, B, C (demandados). En síntesis, WCC adujo que, el 14 de febrero de 2014, firmó un contrato con el Municipio de Cidra (representado por el entonces alcalde, Javier Carrasquillo), para el recogido y disposición de desperdicios sólidos. La vigencia del contrato era originalmente de siete (7) años y fue extendida hasta el 15 de febrero de 2031, mediante una enmienda registrada en la Oficina del Contralor.

En respuesta a la extensión del contrato, y presuntamente para satisfacer las necesidades del Municipio, WCC adquirió maquinaria, equipos e invirtió en una propiedad industrial para construir una planta de trasbordo, inversión valorada en $1,250,000.00. Con posterioridad, el Municipio de Cidra, esta vez representado por un nuevo alcalde electo, Hon. Ángel David Concepción, notificó a WCC la cancelación del referido contrato, efectivo el 1 de julio de 2021. Por entender que, el alcalde Ángel David Concepción incurrió en acciones dirigidas a difamar a la corporación y a socavar las relaciones contractuales entre el Municipio y WCC, el demandante suplicó remedios por interferencia torticera. Además, expuso que, el Municipio incumplió con sus

---

[3] Apéndice, pág. 121.
[4] Apéndice, págs. 3-23.

obligaciones contractuales, al no honrar la fecha de vigencia del contrato sin justa causa. Por ello, solicitó remedios por los daños y perjuicios sufridos más costas y honorarios de abogado.

En respuesta, el 3 de marzo de 2022, el Municipio instó una *Contestación a la Demanda, Reconvención y Demanda contra Tercero.*[5] En esta, negó las alegaciones interpuestas en su contra y, en su reconvención, suplicó al TPI que emitiera una sentencia declaratoria al amparo de la Regla 59.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 59.1. Añadió que, fue WCC quien incumplió el contrato al no completar las rutas y las frecuencias de recogido de basura pactadas, entre otros. Como tercera causa de acción suplicó al foro judicial declarar nulo el "Decreto de Exención Contributiva Municipal" de WCC por considerarlo ilegal. Reclamó el pago de $300,000.00 por concepto de patentes municipales y arbitrios de construcción, entre otros.

Atinente a la presente causa, el Municipio de Cidra incluyó como tercero demandado a Santamaría Torres, en calidad de dueño de WCC. En ella expuso que, el 30 de noviembre de 2021, el aquí peticionario suscribió un acuerdo de culpabilidad por los cargos de conspiración, soborno y "kickbacks". Lo antes, por convenir, conspirar y aceptar, junto a otras personas, haber ofrecido y entregado obsequios de valor al alcalde del Municipio de Cataño, en violación de estatutos federales, 18 U.S.C. secciones 371 y 666 (a)(2). El Municipio de Cidra alegó que, Santamaría Torres repitió el patrón de sobornos en otros municipios en donde operó algunas de sus empresas. Sostuvo que, el Municipio no podía mantener una relación contractual con WCC, luego de que el tercero demandado, se declaró culpable de los delitos señalados y debido a que, WCC fue

---

[5] Apéndice, págs. 24-49. Posteriormente, enmendada a los únicos efectos de corregir el epígrafe. Apéndice, págs. 50-75.

expulsado del Registro Único de Licitadores de Puerto Rico por la Administración de Servicios Generales.

Coetáneo a la radicación de la demanda contra tercero, el Municipio solicitó (el 3 de marzo de 2022), y así se ordenó, el 7 de febrero de 2023, la correspondiente expedición del emplazamiento personal dirigido a Santamaría Torres.[6] El 23 de febrero de 2023, el Municipio acreditó una copia del emplazamiento diligenciado al tercero demandado.[7] Por entender que el referido emplazamiento fue diligenciado fuera del término de 120 días que establece la Regla 4.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), Santamaría Torres solicitó la desestimación de la causa instada en su contra.[8]

En desacuerdo, el Municipio destacó el tracto procesal del caso que, a su entender, invalida el petitorio desestimatorio. Expuso que, la demanda contra tercero fue presentada el 3 de marzo de 2022 y ese mismo día solicitó al TPI la expedición del emplazamiento al tercero demandado. Al no recibir respuesta, volvió a suplicar al foro primario, mediante una moción presentada el 18 de mayo de 2022, que expidiera el emplazamiento a Santamaría Torres. Explicó que, se realizaron múltiples llamadas al tribunal y le informaron que se debía "esperar por la autorización del juez a cargo quien se encontraba en recuperación de un accidente automovilístico."[9]

Posteriormente, el 7 de febrero de 2023, el TPI notificó la orden autorizando la expedición del emplazamiento y, 16 días más tarde, el Municipio emplazó a Santamaría Torres. En fin, consideró que el atraso se debió al propio TPI, no atribuible al Municipio, por lo que procedía declarar no ha lugar a la desestimación de la demanda y

---

[6] Apéndice, pág. 76.
[7] Apéndice, págs. 79-80. Valga aclarar que, a pesar de que el apéndice del recurso ante nos carece de una copia del emplazamiento diligenciado al tercero demandado, este consta como anejo de la referida moción en la entrada núm. 33 de SUMAC.
[8] Apéndice, págs. 81-86.
[9] Apéndice, pág. 88.

anotarle la rebeldía al aquí peticionario, quien acreditó su réplica el 25 de abril de 2023. Evaluadas las posturas de las partes, el TPI declaró no ha lugar a la solicitud de desestimación y ordenó el descubrimiento de prueba, mediante la *Orden* recurrida, notificada en autos el 30 de enero de 2024. Destacamos que, no surge de dicha *Orden* referencia alguna a una anotación de rebeldía por falta de contestación a la demanda contra terceros.

Así las cosas, el 17 de febrero de 2024, el tercero demandado solicitó al TPI posponer el descubrimiento de prueba, en particular, la deposición. Ello, hasta tanto el foro federal, quien ostenta jurisdicción sobre su persona, celebre la vista de lectura de sentencia de índole criminal por violación de los estatutos federales antes señalados. Santamaría Torres arguyó que, durante su deposición, podría surgir información que podía afectarlo adversamente en el litigio federal, en menoscabo del derecho constitucional que le asiste a no auto incriminarse.

Ante la denegatoria del TPI a posponer el descubrimiento de prueba, el tercero demandado solicitó reconsideración y una orden protectora.[10] Nuevamente, el foro primario declaró no ha lugar a su petitorio de posposición y orden protectora, mediante un dictamen notificado el 26 de febrero de 2024.[11] Ese mismo día, el foro primario notificó otra *Orden*[12] en donde anotó la rebeldía al tercero demandado por este no haber presentado su alegación responsiva. Separadamente, le impuso $200.00 en sanciones por su reiterado incumplimiento con las órdenes del tribunal y le instruyó a que, dentro de un plazo de 24 horas, acredite las fechas para la toma de deposición.[13]

---

[10] Apéndice, págs. 103-108.
[11] Apéndice, pág. 109.
[12] Apéndice, pág. 110.
[13] Apéndice, pág. 111.

Insatisfecho, el 27 de febrero de 2024, Santamaría Torres instó un petitorio de reconsideración,[14] en el cual, cuestionó la imposición de sanciones, la orden para identificar fechas para la deposición e insistió en su solicitud de desestimación. Es de notar que, en su escrito de reconsideración, Santamaría Torres no hizo mención alguna a la anotación de rebeldía. Considerada la súplica antes señalada, el TPI declaró: "No ha lugar. Además, el Tribunal ya dispuso sobre el asunto de jurisdicción".[15]

Surge del expediente que, pendiente el recurso de epígrafe ante nos, el TPI continuó el debido manejo del caso por entender que, en ausencia de una orden de paralización, los procesos continuarían, hasta tanto este Tribunal de Apelaciones determine lo contrario. Así lo hizo constar en su *Orden,* notificada el 1 de marzo de 2024.[16] Allí también, el foro primario instruyó al tercero demandado a informar (en 10 días) su intención de realizar deposiciones a Raymond Rodríguez y a Mario Villegas.

Así las cosas, y tras varios incidentes procesales que no son necesario pormenorizar, mediante una *Orden,* notificada en autos el 19 de marzo de 2024, el TPI dispuso lo siguiente: "Tras el reiterado incumplimiento del tercero demandado, Oscar Santamaría, con las órdenes de este Tribunal, se le anota la rebeldía".

Inconforme con las determinaciones interlocutorias, el peticionario acude ante esta Curia el 17 de abril de 2024 y en sus dos señalamientos de error expone que:

Erró el TPI al concluir que [la] parte tercero demandante emplazó al tercero demandado conforme a derecho luego de haber transcurrido más de (120) días para diligenciar los emplazamientos sin haber solicitado oportunamente una prórroga para emplazar, quedándose de brazos cruzados siendo el peticionario emplazado (357) días luego de presentada la demanda de terceros en su contra.

Erró el TPI al anotar la rebeldía en dos ocasiones al tercero demandado sin haber notificado la orden conforme las Reglas y sin que hubiese el término para acudir ante el

---

[14] Apéndice, págs. 112-114.
[15] Apéndice, pág. 115.
[16] Apéndice, pág. 118.

Tribunal de Apelaciones de orden declarando no ha lugar la moción de desestimación por insuficiencia en los emplazamientos, asunto jurisdiccional.

Junto a su recurso, el peticionario interpone una *Solicitud de remedio urgente, en auxilio de jurisdicción*, la cual atendimos el mismo día, mediante *Resolución* de 17 de abril de 2024. En ella, declaramos no ha lugar a dicha solicitud y concedimos un término a la parte recurrida para exponer posición. En cumplimiento, el Municipio presenta su *Oposición a Petición de Certiorari*, el 26 de abril de 2024, por lo que, con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56,

*injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari.* *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**III.**

En su recurso, el peticionario solicita que ejerzamos nuestra función discrecional a los fines de ordenar la desestimación de la causa de acción en su contra por insuficiencia en el emplazamiento. Arguye que, fue emplazado fuera del término de 120 días que establece la Regla 4.3(c) de las Reglas de Procedimiento Civil, *supra.* Además, suplica que levantemos la anotación de rebeldía y dejemos sin efecto las sanciones económicas que le impuso el foro primario.

Luego de un sosegado estudio del recurso instado, prescindimos de intervenir con las determinaciones impugnadas, en ausencia de algún criterio jurídico que lo justifique. Veamos.

De un examen del expediente colegimos que, el foro primario evaluó el cuadro fáctico procesal ante su atención y tomó en consideración que el Municipio solicitó originalmente la expedición del emplazamiento dirigido a Santamaría Torres el 3 de marzo de 2022. Sin embargo, transcurridos dos meses sin que el foro primario expidiera el mismo, el Municipio reiteró su petición por escrito y mediante llamadas al tribunal. En atención a lo anterior, el 7 de febrero de 2023, el TPI lo autorizó, según permite la Regla 4.3,

*supra.*[17] En respuesta, el Municipio lo diligenció el 23 de febrero de 2023 y el peticionario solicitó la desestimación de la tercera demandada incoada en su contra.[18] Tras considerar las posturas de las partes, sobre el petitorio desestimatorio, el foro primario denegó el mismo, durante la celebración de una vista celebrada, el 30 de enero de 2024 y luego notificó en autos su determinación. Posteriormente, el 26 de febrero de 2024, conforme autoriza la Regla 45.1 de las Reglas de Procedimiento Civil, *supra*, el TPI anotó la rebeldía al peticionario, quien (a esa fecha y hasta el presente), no ha contestado la demanda.[19]

De otra parte, el TPI, dentro de su sana discreción concerniente al manejo del caso, consignó la anotación de rebeldía al peticionario. Esta vez, en el contexto de añadir como sanción adicional, a las sanciones económicas previamente impuestas a Santamaría Torres, la eliminación de las alegaciones en respuesta a su reiterado incumplimiento, con las órdenes del tribunal. Lo antes, tampoco incide en la previa anotación de rebeldía (por no acreditar la alegación responsiva), la cual fue debidamente notificada en autos y continua vigente desde el 26 de febrero de 2024.

Ciertamente, la imposición de las sanciones no figura como asunto a revisar conforme a las disposiciones de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra.* Tampoco identificamos algún criterio que represente un fracaso a la justicia que obligue soslayar dicha norma. Añádase a ello que, aún cuando la citada disposición reglamentaria permite la revisión de las anotaciones de rebeldía, somos del criterio que el peticionario no nos ha puesto en posición

---

[17] Apéndice, pág. 78, orden en referencia a la Entrada 25 de SUMAC.

[18] Apéndice, págs. 79-80.

[19] Es de notar que, el peticionario solicitó reconsideración de la referida denegatoria a la moción de desestimación mediante una moción presentada de forma tardía el 27 de febrero de 2024. Además, se observa que, luego de la orden de renotificación de todas las órdenes el 20 de marzo de 2024, (SUMAC 91) tampoco interpuso reconsideración previa a instar el recurso de epígrafe el 17 de abril de 2024. Véase la Regla 47 de las Reglas de Procedimiento Civil, *supra,* que dispone sobre el término de 15 días desde la notificación del dictamen cuestionado para interponer una solicitud de reconsideración.

para concluir que la actuación del foro primario refleje algunos de los criterios de la Regla 40, *supra,* que fundamente nuestra intervención en la presente causa.

Dentro del marco jurídico antes expuesto, no se desprende que el foro primario haya incurrido en error o en abuso de discreción al emitir los dictámenes recurridos. Lo antes, de forma tal que nos obligue preterir la norma de abstención judicial que rige nuestras funciones en determinaciones como la de autos.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones